UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS TURNER,<br><br>　　　　　　Defendant. | CASE NO. CR05-355C<br><br>ORDER |

　　　　This matter having come before the Court on the Unopposed Motion to Continue Motions Due Date and Trial Date, and for Order Excluding Time Under Speedy Trial Act (Dkt. No. 18), submitted by Defendant Thomas Turner, and the Court having considered the papers filed by the parties, together with the balance of the records and files herein, this Court now finds as follows:

　　　　The current pretrial motions due date is October 27, 2007 and the current trial date is December 5, 2005. David V. Marshall has sought leave to withdraw as counsel for Defendant and for appointment of the Federal Public Defender (Dkt. No. 11), and that motion is still pending before United States Magistrate Judge James P. Donohue. If new counsel is appointed, new counsel will need time to become familiar with the facts of the case and to consider and prepare pretrial motions and to prepare for trial. Further, even if Mr. Marshall is not granted leave to withdraw, he will need additional time to consider

ORDER – 1

and prepare pretrial motions and to prepare for trial.  As to the substance of the case, defense counsel believes that this is a complex regulatory case involving securities law and financial accounting, wherein there is a great deal of evidence to consider.  A denial of the requested extensions would unreasonably deny Defendant both reasonable time to obtain and consult with counsel and continuity of counsel.  Due to the complexity of the case, exclusion of additional time under 18 U.S.C. §§ 3161(h)(8)(B)(ii) and 3161(h)(8)(B)(iv) is appropriate.  Further, Defendant has filed a speedy trial waiver indicating his agreement with a continuance. (Dkt. No. 23.)  The proposed continuance of the trial does not appear to prejudice any party.  The Court finds that failure to grant the requested continuance likely would result in a miscarriage of justice.  The Court further finds that the interests of the public and the Defendant in a speedy trial in this case are outweighed by the ends of justice, within the meaning of 18 U.S.C. § 3161(h)(8)(A).

Accordingly, IT IS HEREBY ORDERED that the pre-trial motions cut-off date shall be extended to December 1, 2005, with a new trial date of February 6, 2006.  The time between the date of this Order and the new trial date shall be excludable time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii), and 3161(h)(8)(B)(iv).

Because Defendant's speedy trial waiver waived rights to an unnecessarily broad period of time and included an indefinite waiver to accommodate the convenience of the Court, Defendant is further DIRECTED to file a speedy trial waiver indicating specific consent to waive speedy trial rights through a date certain in February or March 2006.

SO ORDERED this 9th day of November, 2005.

John C. Coughenour
United States District Judge

ORDER – 2