UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>THOMAS TURNER,<br><br>            Defendant. | CASE NO. CR05-355C<br><br>ORDER |

This matter comes before the Court on Defendant's Motion To Compel Production of Discovery (Dkt. No. 57), the Government's Opposition (Dkt. No. 62), and Defendant's Reply (Dkt. Nos. 63, 66). The Court, having considered the arguments of the parties and finding oral argument unnecessary, hereby finds and rules as follows.

**I.    BACKGROUND**

Defendant Thomas Turner is charged with seven counts of making false affirmative statements and omitting to provide material information to accountants of a securities issuing company. All of these counts are alleged to be in violation of the same federal statutes and regulation: 15 U.S.C. § 78m(a), (b)(2); *id.* § 78ff; 17 C.F.R. § 240.13b2-2; and 18 U.S.C. § 2. (Indictment (Dkt. No. 1) 5–16.) These charges stem from Defendant's involvement in negotiating investment and commercial loan transactions

ORDER – 1

on behalf of Metropolitan Mortgage and Securities Company, Inc. ("Met") (of which he was an employee and executive officer) and Summit Securities, Inc. ("Summit") (of which he was president and a director) and the subsequent interactions that Defendant had with accountants tasked with preparing and auditing the companies' 2002 fiscal year financial statements to be filed with the Securities Exchange Commission ("SEC") in Form 10-K reports, which reflected those transactions. Trial is set for May 29, 2007. Defendant moves the Court for an order compelling the Government to produce various documents and information regarding witnesses. The Government counters that it has or will produce everything required and that no Court order is necessary.

## II.   ANALYSIS

### A.   Defendant's Statements

Defendant requests written records prepared by government agents of any statements he made. Federal Rule of Criminal Procedure 16(a) governs disclosures required of the Government. Specifically regarding oral statements, "the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." FED. R. CRIM. P. 16(a)(1)(A); *see also* Local Rules W.D. Wash. CrR 16(a)(1)(B)(ii). As to written or recorded statements,

> Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
> (i) any relevant written or recorded statement by the defendant if:
> • the statement is within the government's possession, custody, or control; and
> • the attorney for the government knows—or through due diligence could know—that the statement exists;
> (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and
> (iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

FED. R. CRIM. P. 16(a)(1)(B); *see also* Local Rules W.D. Wash. CrR 16(a)(1)(B)(i).

Citing Federal Rule 16(a)(1)(A), the Government initially refused to provide any summary of oral

ORDER – 2

statements made by Defendant in a "proffer interview" with the SEC, DOJ lawyers, and FBI agents on February 1 and 2, 2006, as well as the FBI 302 report, FBI agent rough notes, SEC memo, or other records from that meeting. (Def.'s Mot., Marshall Decl. Ex. B.) After the instant motion was filed, however, the Government turned over an FBI summary report of the meting, but did not turn over any FBI agent rough notes or any notes taken by other government agency personnel. Because the only non-lawyer federal agent present was one FBI agent, the disclosure of that agent's summary report meets the requirement of Federal Rule 16(a)(1)(B). Defendant cites no controlling Ninth Circuit precedent requiring the agent's rough notes to be disclosed during pretrial discovery. Accordingly, Defendant's Rule 16 request for an order compelling production of rough notes prior to trial is DENIED. The Court may revisit the question of disclosing rough notes during trial pursuant to a Jencks Act request.

### B.   Federal Rule of Evidence 404(b) Evidence

Defendant seeks disclosure of any Rule 404(b) evidence that the Government plans to offer at trial. Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but such evidence

> may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FED. R. EVID. 404(b). Failure to provide notice of such evidence upon the request by a defendant renders such evidence inadmissible at trial. *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999). However, evidence that is "inextricably intertwined" with the charged offense does not fall within the ambit of Rule 404(b) and its notice requirement. *Id.* at 1154 & n.3.

Here, the Government claims that it does not intend to offer Rule 404(b) evidence and that any evidence it will offer falls into the "intrinsic," or "inextricably intertwined," category rather than the

ORDER – 3

"extrinsic" Rule 404(b) category. The Court cannot determine in a vacuum into which category the Government's nonspecific evidence fits. Accordingly, if the Government offers evidence at trial that the Court determines falls within the category of "extrinsic" evidence of which Rule 404(b) requires notice, and the Government has not provided such notice, such evidence will be inadmissible absent the good cause showing required by Rule 404(b) regarding notice that occurs during trial.

### C. Bias of Government Witnesses

Defendant seeks information about the potential bias of Government witnesses that he may use for impeachment purposes. Specifically, he requests information regarding threats of criminal prosecution against witnesses who have also been subject to SEC investigations. *Brady v. Maryland*, 373 U.S. 83, 87 (1963), requires disclosure of evidence that is "both favorable to the accused and 'material either to guilt or to punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady*). There is no distinction between impeachment evidence and exculpatory evidence when applying this rule. *Id.* at 676–77 (discussing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). However, the prosecution does not have to disclose its "entire file" to defense counsel to meet these obligations. *Id.* at 675. Rather, information is constitutionally discoverable only if it is "material," which in turn depends on whether there is a "reasonable probability" that disclosure to the defense would make the proceeding result differently. *Id.* at 682. A "reasonable probability" is "sufficient to undermine confidence in the outcome." *Id.* These rules are generally applicable here.

Defendant requests information regarding threats of prosecution that might provide an incentive for witnesses to give certain testimony favorable to the Government. In *Bagley*, a potential reward to a government witness was at stake. While it was not "guaranteed through a promise or binding contract," it was "expressly contingent on the Government's satisfaction with the end result." *Id.* at 683. This informality "served only to strengthen any incentive to testify falsely in order to secure a conviction." *Id.* Thus, a formal agreement is not required to render such information discoverable. Moreover, a "threat" may be either expressed or implicit in the dealings between the witness and the Government. *United*

ORDER – 4

*States v. Pfingst*, 477 F.2d 177, 191 (2d Cir. 1973), *cert. denied*, 412 U.S. 941 (1973) (finding that where there exists a "mutually beneficial understanding that in return for . . . testimony against [a defendant, the witness] would receive lenient treatment for his numerous sins[, f]ailure to reveal evidence of such an understanding would, of course, violate due process and require a new trial, for evidence of any understanding would have significantly aided the defense's position on the critical issue of [the witness's] credibility"). The Court finds that the "threat" information Defendant seeks is generally discoverable by these standards.

However, determining what particular information fits into this category remains the Government's ongoing burden and responsibility. *Pennsylvania v. Ritchie*, 480 U.S. 39, 59–60 (1987). As the Government becomes aware of information—or generates such information through its investigations and discussions with witnesses—which constitutes *Bagley*/*Giglio* impeachment material, it must disclose it to Defendant. Moreover, because such information should be disclosed within a reasonable time to aid Defendant's preparation for trial, Court hereby ORDERS that the Government disclose such material to Defendant no later than seven days before trial, with supplemental disclosure to follow, as needed.

### D. Miscellaneous *Brady* Requests

As described *supra* section II.C, *Brady v. Maryland* requires disclosure of exculpatory evidence. In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, *quoted in Kyles v. Whitley*, 514 U.S. 419 (1995). This requirement extends beyond the prosecution and imposes on the prosecution a "duty to learn of any favorable evidence known to the others acting on the government's behalf in the case." *Kyles*, 514 U.S. at 437; *see also United States v. Wood*, 57 F.3d 773, 737 (9th Cir. 1995) (holding that "under *Brady* the agency charged with administration of the statute, which has consulted with the prosecutor in the steps leading to prosecution, is to be considered as part of the

ORDER – 5

prosecution in determining what information must be made available to the defendant charged with violation of the statute"). Accordingly, information held by the SEC or other government agencies involved here is encompassed by the Government's *Brady* obligations.

The parties' briefs contain significant discussion of three "examples" of alleged *Brady* material that Defendant discovered in the ongoing civil lawsuit related to this matter, *SEC v. Sandifur, et al.*, No. C05-1631-JCC. (Def.'s Mot. 6–10; Gov't's Opp'n 4–6; Def.'s Reply 4–6.) However, because Defendant already has these documents, the Court need not determine whether they are discoverable by criminal discovery standards. As to the additional specific requests made by Defendant (Def.'s Mot. 11–12; Gov't's Opp'n 9–10; Def.'s Reply 6), the Court finds the following:

- **Item (a)**

Defendant requests any "information supporting the argument that Mr. Turner was unaware of any plans on the part of anyone affiliated with Jeff Properties (Dan Sandy, Jeff Sandy) to transfer the property to Trillium or any other related company prior to written communications to Metropolitan and its affiliates in 2003." The Government objects that no specific facts are offered to demonstrate that the Government is in possession of such information. As to exculpatory evidence, this objection is beside the point. If the Government has *Brady* material on this issue, the Government must disclose it. As to general discovery under Rule 16 that is outside the scope of *Brady*, the relevant rule provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

FED. R. CRIM. P. 16(a)(1)(E); *see also* Local Rules W.D. Wash. CrR 16(a)(1)(D). Under *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990), "[n]either a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." Moreover, "[w]ithout

ORDER – 6

a factual showing [of materiality], there is no basis upon which the court may exercise its discretion" to order discovery. *Id.* Defendant has not made the requisite specific showing to justify a disclosure order under Rule 16. Moreover, if the Government actually possesses information fitting the description *supra*, it likely constitutes *Brady* material in any event, so no separate discovery order under Rule 16 is required.

- **Item (b)**

Defendant seeks any "information that any witness testimony in a Report of Interview or Grand Jury transcript is incorrect or contradicted by later witness statements." As with the impeachment materials discussed *supra* section II.C, "[p]rior statements of a witness that are both material and inconsistent with his anticipated testimony fall within the *Brady* rule." *United States v. Hanna*, 55 F.3d 1456, 1459 (9th Cir. 1995) (citing *Kyles*, 514 U.S. 419). The Government concedes that disclosure of such material is required. The Court agrees with this conclusion as well as with the Government's clarification that the discoverable prior statement must be made by the same person who is to be the trial witness and that one witness's prior inconsistencies with statements of other trial witnesses do not trigger disclosure.

- **Item (c)**

Defendant seeks "any information regarding prior controlled substance use or distribution by any [government] witness." The Government concedes that under *Giglio*, it must disclose impeachment evidence relevant to a witness's "ability to perceive, recollect, and recount the matters which are the subject of his testimony." The Court agrees.

- **Item (d)**

Defendant seeks disclosure of all "evidence of prior criminal or bad acts, including dishonesty, by any government witness," along with criminal records or prison records and "any information therein which bears on credibility." The Government concedes that it must produce such information to the extent that it would be admissible under by Federal Rule of Evidence 609 (allowing impeachment via felonies and all convictions involving dishonesty or false statements). However, the Court reminds the

ORDER – 7

1  Government that it must separately meet its impeachment information disclosure obligations under
2  *Bagley* and *Giglio*, as discussed *supra* section II.C.  *See also Carriger v. Stewart*, 132 F.3d 463, 480 (9th
3  Cir. 1997) (finding that disclosure "must include the witness's criminal record, including prison records,
4  and any information therein which bears on credibility").

**- Item (e)**

Defendant requests all "evidence that any government witness has a financial stake in the trial, including the reduction of a civil judgment against them, or any expectation of restitution if Mr. Turner is convicted."  The Government concedes that such information must be disclosed under *Bagley* and *Giglio*.  The Court agrees.

**- Item (f)**

Defendant requests all "evidence of any individual's receipt of benefits or any discussion of future receipt of benefits from the government, including, but not limited to, your consideration of such benefits, government personnel providing information to counsel for any individual to assist that person in pursuing civil litigation, and any discussions relating to possible job offers."  Again the Government concedes that such information must be disclosed under *Bagley* and *Giglio*.  The Court agrees.

**- Item (g)**

Defendant seeks all "evidence of any non-professional relationships between any witness and any member of the government, including any representative of the SEC, the FBI, and the U.S. Department of Justice."  The Government concedes that information going to bias must be disclosed under *Bagley* and *Giglio*.  The Court agrees, and further notes that there is no prohibition on Defendant inquiring into these matters on cross-examination.

**- Disclosure Deadline**

Defendant's Reply suggests that the Government needs a deadline by which to comply with the discovery obligations discussed here.  For any information that the Court has deemed discoverable in the foregoing discussion (section II.D), the Court hereby ORDERS that the Government disclose such

ORDER – 8

material to Defendant no later than seven days before trial, with supplemental disclosure to follow, as needed.

### E. Non-Testifying Witness Lists

Defendant seeks identification of witnesses that the Government does *not* intend to call, "despite information they have relevant to the Government's case, thus giving reason to believe those witnesses may have exculpatory information." Defendant cites *United States v. Cadet*, 727 F.2d 1453 (9th Cir., 1983), in support of this proposition. *Cadet* governs disclosure of a witness who "actually witnessed a crime through any of his senses." 727 F.2d at 1469. While the *Cadet* rule covers material outside what might be required by *Brady*, it does not go beyond the limits of Rule 16. As discussed *supra* section II.D (regarding Item (a)), Rule 16 requires a materiality showing. Defendant has made no such showing, nor defined how such witnesses should be identified. Accordingly, this request is DENIED to the extent that it seeks disclosures not already required by *Brady*.

### F. Exhibit Lists

Defendant's Reply requests that the parties exchange exhibit lists on May 1, 2007, four weeks before the May 29, 2007 trial date. However, Local Criminal Rule 16 requires the exchange of exhibit lists no later than seven days before trial. Local Rules W.D. Wash. CrR 16(g). Accordingly, exhibit lists shall be exchanged no later than seven days before trial.

## III. CONCLUSION

Defendant's discovery motion is GRANTED IN PART and DENIED IN PART. The Government is ORDERED to disclose materials consistent with the specific rulings in this Order.

SO ORDERED this 3rd day of April, 2007.

John C. Coughenour
United States District Judge

ORDER – 9