UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>THOMAS TURNER,<br><br>          Defendant. | CASE NO. CR05-355C<br><br>ORDER |

This matter comes before the Court on Defendant's Motion to Compel expert discovery (Dkt. No. 55), the Government's Opposition (Dkt. No. 60), Defendant's Reply (Dkt. No. 69), and the Government's Supplemental Response (Dkt. No. 73). The Court, having considered the arguments of the parties and finding oral argument unnecessary, hereby finds and rules as follows.

**I.  BACKGROUND**

The facts involved in this case have been described in prior Orders of this Court (*see* Orders (Dkt. Nos. 74, 77, 81)). In short, Defendant is charged with multiple violations of 15 U.S.C. § 78m(a), (b)(2); *id.* § 78ff; 17 C.F.R. § 240.13b2-2; and 18 U.S.C. § 2, arising out of his involvement in negotiating investment and commercial loan transactions on behalf of Metropolitan Mortgage and Securities Company, Inc. (of which he was an employee and executive officer) and Summit Securities, Inc. (of

ORDER – 1

which he was president and a director) and the subsequent interactions that Defendant had with accountants tasked with preparing and auditing the companies' 2002 fiscal year financial statements to be filed with the Securities Exchange Commission ("SEC") in Form 10-K reports, which reflected those transactions.

Defendant's instant motion seeks to compel, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the Government to disclose a summary of expert testimony that it will offer under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The Government contends that this request is "moot" and unnecessary, because it has not yet decided to introduce expert testimony on any issue related to its case-in-chief. Defendant argues that the Government cannot prove its securities fraud case without expert testimony, and he apparently seeks a ruling from this Court to that effect by way of this motion to compel.

## II.   ANALYSIS

There is no dispute that the Government must provide advance notice of its intention to call experts at trial. FED. R. CRIM. P. 16(a)(1)(G). It also appears to be undisputed that expert testimony is generally required, or at least preferred, in order to prove the scope of Generally Accepted Accounting Principles ("GAAP") as well as whether particular practices do—or do not—qualify as GAAP. *See Thor Power Tool Co. v. Comm'r of Internal Revenue*, 439 U.S. 522, 544 (1979) (noting that GAAP are flexible and involve ranges of alternatives); *Providence Hosp. of Toppenish v. Shalala*, 52 F.3d 213, 219 n.7 (9th Cir. 1995) (defining GAAP in terms of official pronouncements plus the "consensus of the accounting profession"); *Danis v. USN Communications, Inc.*, 121 F. Supp. 2d 1183, 1192 (N.D. Ill. 2000) (noting that violations of GAAP are established through expert testimony). However, this case is not a prosecution for violations of GAAP per se and Defendant is not an accountant. Defendant is charged with making false or misleading affirmative statements in, and omitting material information from, his interactions with accountants in connection with their audit, review, or examination of company financial statements or preparation or filing of SEC reports, 17 C.F.R. § 240.13b2-2, which in turn

ORDER – 2

allegedly led to a false Form 10-K, 15 U.S.C. § 78ff, which is required to be filed with the SEC under particular standards, *id.* § 78m. The question, therefore, is whether the accountants that the Government intends to call in aid of proving these violations must be qualified as experts.

In their discussion of the Government's accountant witnesses, the parties engage in a debate about the proper frame of reference for assessing the "materiality" of Defendant's statements and omissions. Defendant urges that GAAP necessarily must be established by experts for the Government's accountant witnesses to have any testimonial impact, because Defendant's statements could only have been material as they related to the accountants' professional (GAAP-dependent) perceptions. The Government acknowledges that if it wants to discuss particular practices or accounting treatments in the instant case in terms of GAAP, expert testimony is required. However, the Government correctly notes that the ultimate result of misleading accountants as alleged here is potentially false 10-K reports, which are meant to inform the investing public. Thus, while statements and omissions will be considered vis-a-vis accountants, materiality also extends beyond the accountants' role in SEC filings, going to whether an investor would consider the false, misleading, or incomplete facts important in making decisions. *See United States v. Berger*, 473 F.3d 1080, 1098–1100 (9th Cir. 2007) (discussing materiality in terms of effect on investors under 15 U.S.C. § 78m(a)); *United States v. Ebbers*, 458 F.3d 110, 125–26 (2d Cir. 2006), *cert. denied*, 127 S. Ct. 1483 (Mar. 5, 2007) (discussing materiality in terms of effect on investors under 15 U.S.C. § 78ff).

Moreover, the Government emphasizes that its accountant witnesses will be testifying as *fact* witnesses who have personal knowledge due to their involvement in this particular case. Accordingly, the Government argues, they are not going to testify as experts. Instead, they will testify as to the importance of Defendant's statements and omissions to their decisionmaking in this case. The Court agrees with the Government here too that witnesses who may be specialists do not have to be designated "experts" in order to testify about their roles in cases that called for their special expertise as the relevant facts developed. *See United States v. Weaver*, 281 F.3d 228, 231 (D.C. Cir. 2002) (holding that internal

ORDER – 3

auditor testifying about personal knowledge gained during course of examination was not required to be qualified as an expert).

The Court cannot find that the charges against Defendant can only be proven in terms of GAAP. Nor will the Court write per se GAAP violations into the elements of the offenses at issue here.  If the Government intends to call expert witnesses, it must make its Rule 16(a)(1)(G) disclosures at least two weeks before trial.

**III.   CONCLUSION**

For the foregoing reasons, Defendant's motion is DENIED.

SO ORDERED this 8th day of May, 2007.

*[signature]*
John C. Coughenour
United States District Judge

ORDER – 4