UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS TURNER,<br><br>    Defendant. | CASE NO. CR05-355C<br><br>ORDER |

This matter comes before the Court on Defendant's Motion for a New Trial (Dkt. Nos. 151, 152) and the Government's Opposition thereto (Dkt. No. 153). The Court, having considered the arguments of the parties and finding oral argument unnecessary, hereby finds and rules as follows.

A jury trial in this matter began on May 29, 2007. The Jury returned its verdict on June 8, 2007. Defendant was found guilty on two counts of making false or misleading statements to accountants and one count for material omissions to accountants. (Jury Verdict Form (Dkt. No. 150).) Defendant now moves for a new trial on two grounds.

Federal Rule of Criminal Procedure 33 provides that the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

Defendant first argues that he is entitled to a new trial on Counts 1 (*see* Jury Instructions (Dkt. No. 140) Instruction No. 13 ("False or Misleading Statements to Accountants")) and 2 (*see id.*

ORDER – 1

Instruction No. 14 ("Material Omissions to Accountants")) because he was not an "officer or director" of Metropolitan. The charged conduct was in violation of an SEC Rule ("Representations and conduct in connection with the preparation of required reports and documents"), which provides that no "director or officer of an issuer shall, directly or indirectly"

> (1) Make or cause to be made a materially false or misleading statement to an accountant in connection with; or
>
> (2) Omit to state, or cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:
>
>> (i) Any audit, review or examination of the financial statements of the issuer required to be made pursuant to this subpart; or
>> (ii) The preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise.

17 C.F.R. § 240.13b2-2(a). The SEC has defined an "officer" as "a president, vice president, secretary, treasury or principal financial officer, comptroller or principal accounting officer, and any person routinely performing corresponding functions with respect to any organization whether incorporated or unincorporated." *Id.* § 240.3b-2. The Jury was so instructed. (Jury Instructions, Instruction No. 16.) Defendant has cited no authority in support of the proposition that the SEC's definition, which is part of the same Subpart of the Rules as the regulation governing the charged conduct, should not apply here. Prior to trial, the only alternative definition presented by Defendant was that of "director" as defined by Washington state law. (*See, e.g.*, Defendant's Proposed Jury Instructions (Dkt. No. 97) Instruction No. 22.) State law had no bearing on this federal prosecution. The Court is as unpersuaded by Defendant's "officer" argument now as it was during the course of the pretrial and trial proceedings.

The Court is also unpersuaded that any error occurred by the inclusion of an "aiding and abetting" instruction. (*See* Jury Instructions, Instruction No. 19.) "Aiding and abetting may be implied in every substantive federal offense." *United States v. Vaandering*, 50 F.3d 696, 702 (9th Cir. 1995) (citing *United States v. Armstrong*, 909 F.2d 1238, 1241–42 (9th Cir. 1989), *cert. denied*, 498 U.S. 870 (1990)). Aiding and abetting is implied in every indictment, even if it is not charged specifically.

ORDER – 2

*Armstrong*, 909 F.2d at 1241 ("Aiding and abetting is implied in every federal indictment for a substantive offense.") Nevertheless, the original Indictment in this case (Dkt. No. 1) as well as the Superseding Indictment (Dkt. No. 82) specifically charged violations of 18 U.S.C. § 2, which is the aiding and abetting statute. The aiding and abetting provision of § 2 is "applicable to the entire criminal code." *United States v. Jones*, 678 F.2d 102, 105 (9th Cir. 1982). Defendant cites no authority to the contrary with respect to the offenses for which he was convicted.

The Court further finds that there was sufficient evidence presented at trial to support the convictions on both Counts 1 and 2, and Defendant's argument to the contrary, by reference to the Government's closing argument, is meritless. Accordingly, the Court finds no reason to grant a new trial on Counts 1 and 2.

Defendant's second argument in support of his motion for a new trial is that this Court abused its discretion in permitting the Government to introduce allegedly improper rebuttal evidence. The challenged evidence is the testimony of James Campasino regarding the "contingency" of the loan to Trillium. The Court finds that this was proper rebuttal evidence, and that it was also adequately addressed in the Government's case-in-chief. Furthermore, even assuming that Defendant is correct that this evidence should have been offered in the case-in-chief but was not, "'it is not prejudicial error to admit testimony in rebuttal which should have been offered as a part of the main case, unless the party against whom the testimony is admitted is denied the right to controvert or contradict it.'" *Rodella v. United States*, 286 F.2d 306, 309 (9th Cir. 1960) (quoting *Austin v. United States*, 4 F.2d 774, 775 (9th Cir. 1925)). Defendant had the opportunity to cross-examine Mr. Campasino. Accordingly, there is no error, and no new trial is merited on this issue.

For the foregoing reasons, Defendant's motion is DENIED.

SO ORDERED this 13th day of July, 2007.

John C. Coughenour
United States District Judge

ORDER – 3